## NATIONAL LABOR RELATIONS BOARD v. PIERCE BROS.

## NATIONAL LABOR RELATIONS BOARD v. FOREST LAWN MEMORIAL–PARK ASS'N, Inc.

### Nos. 13350, 13351.

United States Court of Appeals
Ninth Circuit.

Aug. 19, 1953.

See also, 198 F.2d 71.

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, Arnold Ordman and Robert G. Johnson, Attorneys, National Labor Relations Board, Washington, D. C., Charles K. Hackler, Attorney, N. L. R. B., Los Angeles, Cal., for petitioner.

Richard W. Lund, John S. Welch, Arnold M. Cannan, Latham & Watkins, Los Angeles, Cal., for respondent, Pierce Bros.

Richard W. Lund, John S. Welch, Latham & Watkins, Los Angeles, Cal., Ugene Blalock, Glendale, Cal., for respondents, Forest Lawn Memorial-Park Ass'n, Inc.

Before HEALY, BONE, and ORR, Circuit Judges.

HEALY, Circuit Judge.

Involved here are petitions for enforcement of Board orders based on findings of violations of § 8(a) (1) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1, 3). The cases will be disposed of in a single opinion inasmuch as the businesses in which the respondents are engaged are substantially the same and the questions raised are identical.

Respondent Pierce Brothers is a California corporation engaged in the undertaking business. During the year in which the practices occurred it purchased equipment, materials and supplies of which a substantial amount was shipped to it either directly from outstate or was originally manufactured outside the state, though purchased and shipped locally. It provided mortuary services in a very large number of cases, and received approximately a quarter million dollars for services and supplies furnished in connection with 544 bodies which it shipped for burial to points outside California. It received approximately $42,000 for services in 178 cases where bodies were later cremated by a wholly-owned subsidiary and the remains thereafter shipped out of the state.

Respondent Forest Lawn is a non-stock, non-profit cemetery association at Glendale, California. Involved in these proceedings were the employees of its mortuary department, 58 in number. During the pertinent year respondent provided mortuary services in 3870 cases. Of the total amount taken in for sales of property, services and supplies, the sum of $53,572 was received for services and supplies furnished in connection with 114 bodies shipped for burial outside the state. Respondent purchased materials and supplies of which a substantial amount was shipped either directly from outstate or was purchased locally after having been manufactured or produced outside the state.

■■ Respondents argue that their services and business are of a purely local nature not involving commerce, hence the Board is without jurisdiction in the premises. In N.L.R.B. v. Hazen, 9 Cir., 203 F.2d 807, the employers charged with violations were engaged in the same character of business as here and were rendering the same sort of services, although on a smaller scale. In that case we thought the business and services were of such nature as to give the Board jurisdiction, and that the amount of the interstate business done was sufficient to avoid the *de minimis* rule. We are of like opinion here.

A further contention of petitioners is that when Congress reenacted the National Labor Relations Act coincident with the adoption of the Taft-Hartley legislation it took cognizance of what respondents describe as "a long-standing practice of the Board of declining to hear cases involving mortuaries." It is said that Congress thereby excluded such cases from the Board's jurisdiction. No Board decision or published declaration announcing such a practice is cited by respondents. In fact they agree with the Board that there were no published rulings or decisions relating to cemeteries or mortuaries prior to the Board's decision in Riverside Memorial Chapel, Inc. (1951) 92 N.L.R.B. 1594.

■■ Mere failure of the Board to assert jurisdiction over similar businesses prior to the 1947 amendments did not operate to extinguish its jurisdiction or to render improper its assertion of jurisdiction now.[1] Failure to exercise power does not extinguish it. United States v. Morton Salt Co., 338 U.S. 632, 647-648, 70 S.Ct. 357, 94 L.Ed. 401. Nor is there any suggestion in the legislative history of the Act as amended tending in any to support the view that Congress intended to exclude mortuaries from the sweep of the Act.

Decrees will be entered enforcing the Board's orders as prayed.

1. The case is unlike N.L.R.B. v. Guy F. Atkinson Co., 9 Cir., 195 F.2d 141, 143, where a definite position had been taken by the Board as regards exercise of jurisdiction in the building and construction industry.